IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TERESA BEASLEY                                          PLAINTIFF

v.                              CIVIL ACTION NO. 5:16-cv-82-DCB-MTP

ROBERT LANG, BEVERLY LANG,
AND EF PROPERTIES, LLC                                  DEFENDANTS

ORDER AND OPINION

This cause is before the Court on defendant EF Properties,
LLC ("EF Properties")'s Motion to Dismiss (docket entry 39).
Having carefully considered the motion, memoranda, and applicable
statutory and case law, and being otherwise fully informed in the
premises, the Court finds as follows:

I. Background

In October of 2012, plaintiff Teresa Beasley ("Beasley")
obtained a judgment against Robert and Beverly Lang (collectively,
"the Langs") in the Circuit Court of Lincoln County, Mississippi.
According to the plaintiff, that judgment was never satisfied.
Doc. 9, p. 3. On September 22, 2016, Beasley commenced the present
action in this Court, alleging that the defendants have frustrated
her collection of the judgment by fraudulently transferring their
jointly owned property to Beverly Lang and to EF Properties, a
company owned and controlled by Eduardo Flechas ("Flechas"), the
Langs' attorney. See Docs. 1, 3, 9.

On November 30, 2016, after Beasley's complaint was filed but before process was served on EF Properties, that entity was administratively dissolved. Doc. 41-1. EF Properties was subsequently served with a copy of the summons and first amended complaint by and through Flechas on December 1, 2016. See Doc. 15. The defendant filed its Answer to the amended complaint on December 14, 2016, raising a number of defenses under Federal Rule of Civil Procedure 12. Doc. 4. Beasley's second amended complaint was filed on January 26, 2017. EF Properties now moves for dismissal based on, *inter alia*, insufficient service of process.[1]

## II. Discussion

A motion to dismiss for insufficient service of process under Rule 12(b)(5) turns on the legal sufficiency of the service of process. Holly v. Metropolitan Transit Authority, 213 F. App'x 343, 344 (5th Cir. 2007).[2] When an objection is raised, the party making service bears the burden of demonstrating its validity. Id.

Rule 4(h)(1) provides two methods by which a limited liability company ("LLC") may be served within the United States. Under Rule 4(h)(1)(B), a corporate defendant may be served "by delivering a

---

[1] EF Properties also cites Rule 12(b)(4) and (7) as grounds for dismissal, but the defendant has presented no argument or authority as to the insufficiency of process or the plaintiffs' failure to join certain parties under Rule 19. EF Properties neglected to file a memorandum brief in support of its motion, and, in the absence of any meaningful argument on the issues, the Court declines to speculate as to whether dismissal may be appropriate on these additional grounds.

[2] "Rule 12(b)(5) is the proper challenge when the wrong party is served with an otherwise proper Summons and Complaint." International Fire & Safety, Inc. v. HC Services, Inc., 2006 WL 2403496, at *1 (S.D. Miss. Aug. 18, 2006).

copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . .." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, under Rule 4(h)(1)(A), plaintiffs may serve process in accordance with the law of the state where the district court is located or where service is made. See Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Mississippi Rule of Civil Procedure 4 tracks the language of its federal counterpart by providing that a corporation, partnership, or other unincorporated association may be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Miss. R. Civ. P. 4(d)(4). In Mississippi, a registered agent is an agent authorized to receive service of process on behalf of the represented entity. See Miss. Code Ann. § 79-35-13(a).

Regarding service of process upon entities, Section 79-35-13 of the Mississippi Code Annotated also provides that:

> (b) If an entity that previously filed a registered agent filing with the Secretary of State no longer has a registered agent, or if its registered agent cannot with reasonable diligence be served, the governors of the entity will be treated as the entity's agent for service of process who may be served pursuant to the provisions of the Mississippi Rules of Civil Procedure. The names of the governors and the address of the principal office may be as shown in the most recent annual report filed with the Secretary of State. If the governors of the entity cannot with reasonable diligence be served, service of process against the entity shall be upon the Secretary of

3

> State in accordance with the Mississippi Rules of
> Civil Procedure.
>
> . . . .
>
> (e) Service of process, notice, or demand may be
> perfected by any other means prescribed by law other
> than this chapter, including provisions in the
> organic entity laws[3] that provide for service of
> process on the Secretary of State in the event that
> registration of an organic entity has been canceled,
> withdrawn or revoked or the domestic organic entity
> has been administratively dissolved or voluntarily
> dissolved under the applicable organic entity
> statute.

Relying on Mississippi Code § 79-35-13(e), EF Properties argues that service upon an administratively dissolved entity, like the defendant, must be effected through the Mississippi Secretary of State; therefore, dismissal is warranted because EF Properties was improperly served through Eduardo Flechas. The defendant, however, misinterprets the provision upon which it relies. While an entity may be served through the Secretary of State in certain circumstances, nothing in the state code or relevant procedural rules appears to identify the Secretary of State as the sole agent for service of process for Mississippi LLCs following administrative dissolution. To the contrary, the Revised Mississippi Limited Liability Company Act provides that "the

---

[3] "Organic law" is defined as the "statutes, if any, other than this chapter, governing the internal affairs of an entity." Miss. Code Ann. § 79-35-2(16).

4

dissolution of a [LLC] does not terminate the authority of the registered agent of the [LLC]." Miss. Code Ann. § 79-29-831(1).[4]

Under Section 79-35-13, a Mississippi LLC may be served through the Secretary of State if the company has no registered agent or the registered agent cannot be located with reasonable diligence. See Miss. Code Ann. § 79-35-13(b); see also S & M Trucking, LLC v. Rogers Oil Co. of Columbia, Inc., 195 So. 3d 217 (Miss. Ct. App. 2016) (finding service of process on LLC through the Secretary of State to be ineffective because plaintiff failed to exercise reasonable diligence in locating agent). Yet, neither of these circumstances are at play here. The plaintiff has produced a document from the Secretary of State's website, along with a copy of EF Properties' 2015 Annual Report, which lists Flechas as the sole manager, member, and registered agent of EF Properties. See Doc. 41-1; Doc. 41-2. The record also shows that Flechas, in his capacity as an agent of EF Properties, was personally served on December 1, 2016. See Doc. 15. There is no evidence to suggest that Flechas was removed from or resigned his position as registered agent of the EF Properties. Moreover, the defendant

---

[4] The statute further provides that "the administrative dissolution of a [LLC] shall not impair the validity of any contract, deed, mortgage, security interest, lien or act of such [LLC] or prevent such [LLC] from defending any action, suit or proceeding with any court of this state." Miss. Code Ann. § 79-29-831(2); see also Columbus Cheer Co. v. City of Columbus, 155 So. 3d 744, 746 (Miss. 2014) (noting that "administratively dissolved corporations continue to exist regarding agreements established *prior* to dissolution and for the purposes of defending the corporation in actions stemming from such agreements"); Stephens v. Progressive Gulf Ins. Co., 2015 WL 1810182, at *9 (N.D. Miss. April 17, 2015).

does not dispute that Flechas was the registered agent or sole managing agent of EF Properties at the time of its dissolution, nor does it dispute that Flechas was timely served in his capacity as an agent of the LLC. Because the plaintiff timely served Flechas, the registered and managing agent of EF Properties, the Court finds that service was proper under Rule 4(h)(1)(A) and (B).

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that defendant's Motion to Dismiss (docket entry 39) is DENIED.

SO ORDERED, this the 31st day of July 2017.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE