**TERESA BEASLEY**                                                                          **PLAINTIFF**

**V.**                                                                          **Case No. 5:16cv82-DCB-MTP**

**ROBERT LANG, et al.**                                                                          **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Motion [82] to Compel filed by Plaintiff Teresa Beasley. Plaintiff Teresa Beasley seeks an order from the Court compelling Defendant EF Properties, LLC ("EF Properties") to answer certain interrogatories and produce certain documents. The Court having carefully considered the motion, the submissions of the parties, and the applicable law, finds that the Motion [82] should be GRANTED.

## BACKGROUND

Plaintiff Teresa Beasley previously obtained a judgment against Robert and Beverly Lang in a state court action. In the current action, she contends that Robert Lang and Beverly Lang (" the Langs") have frustrated the collection of that judgment by fraudulently transferring real property to Defendant EF Properties without consideration, and for the purpose of preventing Plaintiff from collecting the debt lawfully owed to her. She contends that EF Properties is owned and controlled by Eduardo Flechas[1] who was the Lang's attorney in the underlying state court matter. Plaintiff requests an order of turnover, whereby all property owned by the Defendants is transferred to Plaintiff, with the directive that Plaintiff sell the property to satisfy the debt.

On September 25, 2017, Plaintiff propounded a set of Interrogatories, Requests for

---

[1] Eduardo Flechas was originally a defendant in this action, but Plaintiff amended her complaint so as not to include him as a defendant. Mr. Flechas is representing EF Properties in this matter.

Production of Documents and Requests for Admission to Defendant EF Properties. *See* [54]. EF Properties responded to the Requests for Admission, but did not respond to the Interrogatories and Requests for Production. By Order dated March 28, 2018, over six months after the requests were propounded, the Court ordered EF Properties to respond to the discovery requests and produce responsive documents by March 30, 2018. *See* Order [79]. EF Properties submitted its responses on March 28, 2018.

Plaintiff contends that EF Properties provided inadequate responses. Counsel for the parties conferred regarding the responses during a telephone status conference with the undersigned on April 11, 2018. At that time, the Court authorized Plaintiff to file the instant Motion to Compel without further conference. *See* Minute Entry from April 11, 2018 ("Plaintiff intends to file a motion to compel discovery against EF Properties, LLC. The motion may be filed without further conference or good faith certificate.") Plaintiff seeks an order compelling EF Properties to completely respond to the following requests:

## DISPUTED INTERROGATORY RESPONSES

**INTERROGATORY NO. 5**: Please identify each transaction for the purchase, sale, or transfer of real property that you have participated in within the past 12 years, describing whether you were the buyer or seller, location of the property, the amount which the property was bought or sold, and your intended use of said real property.

**RESPONSE TO INTERROGATORY 5:** Please see the various deeds in Plaintiff's possession and produced in this and/or other related proceedings.

**INTERROGATORY NO. 6**: Please fully identify all individuals who played any role in the decision to convey the subject property to and/or from Defendants, and provide an explanation as to each person's involvement.

**RESPONSE TO INTERROGATORY 6:** The Defendant objects to said interrogatory for the reason that such seeks information subject to and/or protected by the attorney-client privilege and the work product privilege.

**INTERROGATORY NO. 11:** Please identify each parcel of real property for which you own

any interest by address and a description of the property and any improvements thereon. For each such property, please state whether the property is encumbered by any indebtedness, and if so, the balance of indebtedness as of the date of your response to this interrogatory.

**RESPONSE TO INTERROGATORY NO. 11:** Please see response to Interrogatory No. 5.

<u>**DISPUTED REQUEST FOR PRODUCTION RESPONSES**</u>

<u>**REQUEST NO. 1**</u>: Produce copies of all documents identified in response to the above interrogatories.

**RESPONSE TO RFP 1**: Please see the various deeds in Plaintiff's possession and produced in this and/or other related proceedings.

<u>**REQUEST NO. 2**</u>: Produce all documents or tangible items including deeds, tape recordings, photographs, statements, diagrams, plats, or other matters pertaining to Plaintiff, conveyance of real property to and/or from Defendants, or are in any way relevant in this action.

**RESPONSE TO RFP 2:** The Defendant objects to said request for the reason that such seeks information subject to and/or protected by the attorney-client privilege and work product privileges. Further said request is overly broad and burdensome.

<u>**REQUEST NO. 3:**</u> Produce copies of any and all documents, photographs, video recordings and/or audio recordings which have been prepared in this cause or are in your possession which you intend to introduce into evidence in this case.

**RESPONSE TO RFP 3:** The Defendant objects to said request for the reason that such seeks information subject to and/or protected by the attorney-client privilege and work product privileges. Further said request is overly broad and burdensome. However, without waiving this objection, the Defendant has not yet determined what tangible items he may offer at the trial of this matter. Once such a determination is made, this request will be supplemented accordingly.

<u>**REQUEST NO. 5:**</u> Produce any and all documents which support any contention that there was any consideration in the conveyance of subject properties.

**RESPONSE TO RFP 5:** The Defendant objects to said request for the reason that such seeks information subject to and/or protected by the attorney-client privilege and work product privileges. However, without waiving this objection, please see the various deeds in Plaintiff's possession and produced in this and/or other related proceedings.

<u>**REQUEST NO. 6:**</u> Produce all instruments, deeds or conveyances of any type reflecting any transfer of real property by you since December 28, 2006.

**RESPONSE TO RFP 6:** Please see the various deeds in Plaintiff's possession and produced in this and/or other related proceedings.

**REQUEST NO. 7:** Produce all instruments, deeds or conveyances of any type reflecting any transfer of real property to you since December 28, 2006.

**RESPONSE TO RFP 7:** Please see Defendant's response to Request No. 6

## ANALYSIS

**Discovery Requests**

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "It is well established that the scope of discovery is within the sound discretion of the trial court." *Freeman v. United States*, 556 F. 3d 326, 341 (5th Cir. 2009).

Defendant EF Properties asserts the attorney client privilege and the work product doctrine as its reason for producing ***no*** responsive documents. It also utilizes the same objections for its interrogatory responses. EF Properties also claims that others including the Langs have produced some responsive documentation and Plaintiff has possession of documents from other collateral proceedings, including a bankruptcy matter.

These arguments are frivolous and plainly not made in good faith. Many of the requests at issue simply call for copies of deed, dates of transactions, names of witnesses, etc. In other words, these requests call for facts, not opinions or work product. "Neither the attorney-client

4

privilege nor the work product doctrine 'protect[s] disclosure of facts to opposing counsel.'" *Nationwide Ins. Co. v. Johnson*, No., 2006 WL 1795925, at *1 (S.D. Miss. June 28, 2006)(citations omitted).

As an initial matter, a party's failure to timely respond to discovery requests may result in a waiver of its objections, unless the Court excuses that failure for good cause. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Here, EF Properties has given no explanation why it did not timely respond to discovery requests propounded in September of last year. It provided no responses to the interrogatories or request for production until ordered by the Court on March 28, 2018. The Court finds no good cause for the failure to respond to the discovery and finds any objection has been waived, including any privilege arguments. *See Godsey v. United States*, 133 F.R.D. 111, 113 (S.D. Miss. 1990) (The court sanctioned the plaintiff's attorney instead of deeming the privilege waived but noted that an order of complete compliance with discovery sought would be within its power.)

Moreover, EF Properties' claims of attorney client privilege and the work product doctrine fail. The Federal Rules of Civil Procedure require a party claiming a privilege to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(a).

Defendant bears the burden of establishing that the privilege and the work product doctrine apply to the documents and interrogatories. For documents that have been withheld,

courts require identification of the particular documents that fall within the scope of the privilege. *El Paso Co.*, 682 F.2d at 539. In this case, Defendant generally asserts privilege and the work product doctrine with no reference to specific documents making the very type of "blanket assertion" the courts have cautioned against and rejected. *See United States v. Davis,* 636 F.2d 1028, 1044 n.20 (5th Cir. 1981); *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982) ("[P]rivilege may not be tossed as a blanket over an undifferentiated group of documents. . . .The privilege must be specifically asserted with respect to particular documents.")

Additionally, Defendant EF properties did not produce a privilege log after withholding documents based on privilege even though it had a duty to do so. *See* Fed.R.Civ.P. 26(b)(5)(A) & 45(e)(2)(A); L.U. Civ. R. 26(a)(1)(C). This Court's Local Rules require a party withholding privileged information to produce a privilege log that, at a minimum, includes the name of the document, description of the document, requisite elements of the claimed privilege, date, authors, and nature of the privilege. *Id.* This is required so that the parties and the Court can make a meaningful determination regarding the merits of the claim of privilege. A party may waive the attorney-client privilege and work product doctrine protection when it fails to provide a privilege log indicating that documents are being withheld. Local Uniform Civil Rule 26(a)(1)(c) provides that "[t]o withhold materials without such notice subjects the withholding party to sanctions under Fed. R. Civ. P. 37 and may be viewed as a waiver of the privilege or protection." "Waiver of either the attorney-client privilege or the work product doctrine can ... occur when a party fails to state a privilege objection in the 'privilege log' as required under Federal Rule of Civil Procedure 26(b)(5)." *See Blackard*, 2014 WL 2515197, at *4 (*citing Nance v. Thompson Medical Co.*, 173 F.R.D. 178, 182 (E.D. Tex. 1997)).

6

Defendant claims it did not produce a privilege log because "[it] cannot reasonably be expected to provide a privilege log containing all written and unwritten mental impressions and observations of counsel." *See* Memorandum [87] in Response at 10. That is not what a privilege log requires; however, "[e]ven if describing the protected materials in a log may be difficult to do without revealing the confidential nature of the documents, it is nevertheless the obligation of [a party] under Fed. R. Civ. P. 26(b)(5). No exception is made in that procedural rule for relevant and responsive documents contained in an attorney's legal files." *Manship v. United States*, 232 F.R.D. 552, 561 (M.D. La. Dec. 8, 2005); *Barnett v. Deere & Co.*, No. 2:15CV2-KS-MTP, 2016 WL 10179585, at *2 (S.D. Miss. Apr. 5, 2016). And, as noted above, much of what is requested includes facts such as dates, names, deeds, etc., not mental impressions or legal advice.

Even if any privilege or protection were available, the Court finds that EF Properties waived any privilege or protection by failing to produce a privilege log. Raising the attorney client privilege and work product doctrine for the first time over six months after the requests were propounded and with no privilege log suggests discovery gamesmanship on behalf of EF Properties, not good faith invocation of otherwise important protections.

Moreover, the Court finds that EF Properties failed to meet its burden[2] to show that the information sought by the Plaintiff's interrogatories or document requests is protected by the attorney-client privilege or the work product doctrine. *See In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir.2001)("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability."); *United States v. Miller*, 660 F.2d 563, 570 (5th

---

[2] Plaintiff also suggests, to the extent the attorney-client privilege is applicable; the crime-fraud exception is applicable as an exception. The Court has determined that EF Properties has failed to demonstrate or establish any privilege or protection or has waived same; thus, it need not consider the applicability of the crime-fraud exception.

Cir.1981) (stating that it is well established that the party asserting the attorney-client privilege has the burden of proof). *See also Hodges, Grant & Kaufmann v. Dep't of the Treasury*, 768 F.2d 719, 721 (5th Cir.1985) ("The burden of establishing that a document is work product is on the party who asserts the claim...."). Furthermore, even if other parties have produced some documentation or information in this, or other proceedings, the Plaintiff is entitled to compare what documentation and information EF Properties has to the documentation she has already obtained.[3] These requests and interrogatories are relevant and proportional to the needs of the case [4] EF Properties shall produce documentation responsive to Plaintiff's Request for Production and shall provide responsive and substantive answers to the Interrogatories immediately and without objection.

---

[3] EF properties has also filed a motion to dismiss based on lack of jurisdiction. *See* Motion [88]. To the extent that it is arguing that it should not be compelled to answer discovery based on its pending motion to dismiss, this argument lacks merit. While discovery *may* be stayed pending the outcome of a motion to dismiss, "the issuance of [a] stay is by no means automatic." *Von Drake v. National Broadcasting Co., No*. 3-04-CV-0652-R, 2004 WL 1144142 at * 1 (N.D.Tex. May 20, 2004) (Kaplan, J.), *quoting Spencer Trash Software and Information Services, LLC v. RPost International Limited*, 206 F.R.D. 367, 368 (S.D.N.Y.2002). In fact, such a stay is the exception rather than the rule. *See Ford Motor Co. v. United States Auto Club, Motoring Division, Inc.*, No. 3-07-CV-2182-L, 2008 WL 2038887 at *1 (N.D.Tex. Apr.24, 2008) (Kaplan, J.). As one court observed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)[]would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990).

[4] EF Properties also argues that the Motion to Compel should be denied because the parties did not meet and confer before the motion was filed. *See* [87] at 8. This argument is frivolous. During the April 11, 2018 status conference, in which Mr. Flechas participated, the Court informed the parties that the call satisfied this requirement and authorized Plaintiff to file the current motion. In fact, the Minute Entry from the Conference reflects, "Plaintiff intends to file a motion to compel discovery against EF Properties, LLC. The motion may be filed without further conference or good faith certificate. An expedited briefing schedule will be set once the motion is filed." The Court rejects this frivolous argument.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion [82] to Compel is GRANTED;

2. The requested documents shall be produced without objection to Plaintiff at the deposition set for tomorrow **May 3, 2018,** at 10 a.m. Sworn responses to interrogatories shall be provided to Plaintiff without objection by **May 4, 2018.**

3. This order does not prevent Plaintiff from asking any questions during the deposition of EF Properties or Mr. Flechas that are related to, the same, or similar to the interrogatories.

4. Failure to abide by this order may result in appropriate sanctions.

SO ORDERED, THIS the 2nd day of May, 2018.

s/ Michael T. Parker
United States Magistrate Judge