IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TERESA BEASLEY                                                    PLAINTIFF

V.                                                Case No. 5:16cv82-DCB-MTP

ROBERT LANG, et al.                                              DEFENDANTS

**ORDER**

This matter is before the Court on the Motion [91] To Stay Pending Resolution Of Collateral Bankruptcy Court Action. Defendant, EF Properties, LLC argues that this case should be stayed pursuant to 11 U.S.C. § 362 pending the outcome of an involuntary bankruptcy action filed against Eduardo Flechas and Flechas & Associates, P.A. EF Properties, LLC is not a party to the bankruptcy action. Having carefully considered the parties' submissions, the Court finds the Motion to Stay [91] should be DENIED.

**Procedural Background**

Plaintiff Teresa Beasley previously obtained a judgment against Robert and Beverly Lang in a state court action. In this matter, Plaintiff initially sued Robert Lang, Beverly Lang, Eduardo Flechas, and EF Properties, LLC claiming they were fraudulently frustrating the collection of a judgment against the Langs by attempting to hide certain real property, some of which they claim was transferred to EF Properties. *See* Complaint [1]. Eduardo Flechas was the Lang's attorney in the underlying state court matter.

In January of 2017, Plaintiff filed an amended complaint that excluded Eduardo Flechas personally as a defendant as he was in bankruptcy. *See* Second Amended Complaint [9]. Now, over a year and three months after that amended complaint was filed, EF Properties suggests the bankruptcy stay that would have applied to Eduardo Flechas applies to it as well.

## Analysis

Section 362 of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities, of ... any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). The purposes of this automatic stay "are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985).

"By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." *Id.* at 716 (emphasis added). The Fifth Circuit has further noted that "[s]ection 362 is rarely ... a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001); *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) There are, however, two primary exceptions to this general rule. *Labaty v. UWT, Inc.*, SA–13–CV–389–XR, 2013 WL 4520562, at *7 (W.D. Tex. Aug. 26, 2013). First, a bankruptcy stay may be extended to stay proceedings against non-bankrupt third parties if there are "unusual circumstances" showing "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Services, Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). The party seeking to invoke the stay through this exception has the burden to show that it is applicable. *Beran v. World Telemetry, Inc.*, 747 F.Supp.2d 719, 723 (S.D. Tex. 2010). Second, the district court may also grant a discretionary

stay of the action against non-bankrupt parties, though this discretion is limited. *Wedgeworth*, 706 F.2d at 544–45.

EF Properties has not met its burden to show the exceptions are applicable, and the Court declines to grant a discretionary stay. First, EF Properties did not submit a memorandum brief in support of the motion in violation of the local rules, and the motion could be denied for this reason alone. *See* L.U. Civ. R. 7(b)(4) ("Failure to timely submit the required motion documents may result in the denial of the motion."). Likewise, EF Properties has not met its burden of presented "unusual circumstances" showing "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Services*, 349 F.3d at 825. In a conclusory manner, EF Property states:

> In this action, the Plaintiff seeks to adjudicate the ownership of certain real Property conveyed by the Defendants, Robert Lang and Beverly Lang, to the Defendant, EF Properties, LLC. However, in that Eduardo Flechas is a member of EF Properties, LLC, certain real property owned by EF Properties, LLC, is subject to the claims of the creditors of Eduardo Flechas and Flechas & Associates, P.A. The ownership of the subject real property, and whether the same is part of the involved bankruptcy estate, has yet to be determined by the Bankruptcy Court.

That statement alone without any supporting facts or documents is not enough for Defendant to establish "unusual circumstances." Furthermore, the motion does not clearly establish, nor is it altogether clear to the Court from other filings in this matter who the members of EF Properties, LLC might be. In fact, EF Properties has contended in a motion to dismiss a cross claim against it that the Langs lack standing to sue it because the Langs or Beverley Lang

own "one hundred percent (100%) of EF Properties, LLC."[1] S*ee* [51] at 4. Based on the record before the Court, the Motion to stay will be denied.

For the reasons stated above, the Motion [91] To Stay Pending Resolution Of Collateral Bankruptcy Court Action is DENIED.

SO ORDERED, THIS the 4th day of May, 2018.

s/ Michael T. Parker  
United States Magistrate Judge

---

[1] Counsel further cements this assertion by stating, "After a diligent search, counsel for the Cross-Defendant can find no Mississippi federal or state case law which supports or allows the complete ownership of a limited liability company to commence an action against the subject business entity. Common sense dictates that one may not file an action against himself or herself, or against an entity in which they have complete ownership." *See* [51] at 4.