IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TERESA BEASLEY                                                PLAINTIFF

V.                                      CAUSE NO. 5:16-CV-82-DCB-MTP

ROBERT LANG, BEVERLY LANG,
AND EF PROPERTIES, LLC                                       DEFENDANTS

ORDER AND OPINION

Before the Court is EF Properties, LLC's Motion to Dismiss **[Doc. 50]** the Cross-claim filed by Beverly and Robert Lang. For the reasons that follow, the motion will be DENIED.

## Background

This dispute arises from Plaintiff Theresa Beasley's attempt to collect a $383,000 judgment rendered against Beverly and Robert Lang in the Circuit Court of Lincoln County, Mississippi in October 2012.[1]

---

[1] After a one-day trial, Beasley was awarded $303,000 in actual and punitive damages against Robert Lang for sexual assault and battery, $45,000 in punitive damages against Beverly Lang for conversion, and $35,000 in actual damages against the Langs, jointly and severally, for conversion. See Doc. 1-2.

Four years after she obtained the still-unpaid judgment, Beasley sued the Langs, their lawyer, Eduardo Flechas, and EF Properties, a limited liability company managed by Flechas.[2]

In her Complaint, Beasley alleges that the Langs, with Flechas' help, fraudulently transferred real property to impede Beasley's efforts to collect on her judgment against the Langs. As for relief, Beasley asks that the Court (1) declare that all real property purportedly owned by the Langs or EF Properties is actually the joint property of the Langs; (2) declare that all non-exempt property owned by the Langs be sold to pay the first liens of the property, and then to pay Beasley's judgment lien; and (3) enter an order transferring title of the Langs' non-exempt property to Beasley.

The Langs cross-claimed against EF Properties on August 30, 2017.[3] See Doc. 45. In their Cross-claim, the Langs allege that Flechas conned them into defrauding creditors like Beasley by advising the Langs to convey their real property to EF Properties.

---

[2] The basis of jurisdiction over Beasley's suit against the Langs and EF Properties is diversity of citizenship. 28 U.S.C. § 1332(a)(1). The Langs are Mississippi citizens, Beasley is a Florida citizen, and EF Properties is deemed a Mississippi citizen. Beasley seeks to collect on a $383,000 judgment, so the amount in controversy exceeds $75,000, exclusive of interest and costs. The basis of jurisdiction over the Langs' Cross-claim is supplemental jurisdiction. 28 U.S.C. § 1367.

[3] At the time, the Langs were represented by counsel. By Order dated December 15, 2017, the Court permitted the Langs' counsel to withdraw. See Doc. 73.

The Langs seek damages for conspiracy to defraud and unjust enrichment, and they ask the Court to impose a constructive trust and order an accounting of EF Properties.

EF Properties moves the Court to dismiss the Langs' Cross-claim under Federal Rule of Civil Procedure 12, or to grant summary judgment in its favor under Federal Rule of Civil Procedure 56. Because EF Properties' Motion does not require the Court to look beyond the pleadings, and involves only issues of justiciability and the applicability of statutory written-demand provisions, the Court analyzes the Motion under Federal Rule of Civil Procedure 12.

I

In its Rule 12 analysis, the Court accepts as true the well-pleaded allegations of the Langs' Cross-claim, and views those allegations in the light most favorable to the Langs. Gines v. D.R. Horton, Inc., 599 F.3d 812, 816 (5th Cir. 2012).

II

A

EF Properties urges the Court to dismiss the Langs' Cross-claim for lack of subject-matter jurisdiction. Article III adversity is absent, EF Properties contends, because the Langs own an interest in EF Properties. And because the Langs' interests are

not opposed to EF Properties' interests, EF Properties continues, the Langs lack constitutional standing.

The jurisdiction of the federal courts is limited to cases and controversies. U.S. CONST. art. III, § 2, cl. 2. To qualify as a case or controversy, a dispute must involve parties with adverse legal interests, and a plaintiff with standing to sue. Bauer v. Texas, 341 F.3d 352, 359 (5th Cir. 2003) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937)). A plaintiff has standing if she shows (1) an injury-in-fact; (2) traceable to the defendant's conduct; and (3) redressable by a favorable judicial decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

That standard is met here. The Langs have alleged an injury-in-fact in the form of lost property, Doc. 45, ¶25, have traced that injury to EF Properties' wrongful retention of the Langs' funds and fraudulent transfer of the Langs' property, Doc. 45, ¶15, and have alleged that their injury is redressable by a judicial decision in their favor on their claims for unjust enrichment, conspiracy to defraud, accounting and inventory, and imposition of a constructive trust.

As of this pleading stage, the Langs have satisfied Article III's standing requirement. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). But to be clear, this is in no way an evaluation of the merits of the Langs' Cross-claim or a comment on the Langs'

4

ability to show — not merely plead — standing at a later stage of this litigation.

On the Article III adversity issue, the Court is concerned that either the Langs or EF Properties (or both) have omitted or misrepresented material facts regarding the Langs' ownership interest in EF Properties. As recently as July 2017, the Langs represented to the United States Bankruptcy Court for the Southern District of Mississippi that they owned a 100% interest in "EP Properties LLC." See Docs. 69-1, 69-2. But no such company exists — at least, not in Mississippi. If the Langs own a 100% interest in EF Properties, then the Court doubts that Article III adversity would be present, and suspects that it would lack subject-matter jurisdiction over the Langs' Cross-claim.

To clarify the adversity issue, the Court ORDERS the Langs to file with this Court, within fifteen days, a document explaining their current and former ownership interests, if any, in EF Properties. Because the Court may address a party's lack of standing at any time, the Court will DENY EF Properties' Motion and assess the presence of Article III adversity upon receipt of the Langs' explanation.

B

Next, EF Properties asks the Court to dismiss the Langs' Cross-claim because the Langs failed to comply with the written-

demand provision of the Revised Mississippi Limited Liability Act. See MISS. CODE ANN. § 79-4-7.42.

The argument is meritless.[4] The written demand and notice provisions on which EF Properties relies apply only to derivative actions. See MISS. CODE ANN. § 79-29-1102 (2010). In general terms, a suit is derivative if it seeks to recover for injury to another person. Black's Law Dictionary 538 (10th ed. 2014). The Langs' Cross-claim is not derivative in nature; it is direct. Through the Cross-claim, the Langs aim to recover for their own alleged injuries, not those of EF Properties.

Accordingly,

IT IS ORDERED that the EF Properties, LLC's Motion to Dismiss **[Doc. 50]** is DENIED.

FURTHER ORDERED that Beverly and Robert Lang shall file with this Court, within fifteen days, a document explaining their current and former ownership interests, if any, in EF Properties.

SO ORDERED, this the 14th day of May, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

---

[4] EF Properties erroneously relies on the Revised Mississippi Limited Liability Act. That Act does not apply because EF Properties was formed in 2008, three years before the Act took effect. MISS. CODE ANN. § 79-29-1301(a). The Court therefore applies the unrevised Mississippi Limited Liability Company Act. See Delta Bay Medical, LLC v. Ervin and Assocs., LLC, 3:11-CV-156-HTW-LRA, 2014 WL 11444149, at *5 (Sept. 28, 2014).