IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TERESA BEASLEY**                                                                            **PLAINTIFF**

**V.**                                                         Case No. 5:16cv82-DCB-MTP

**ROBERT LANG, et al.**                                              **DEFENDANTS**

**ORDER**

This matter is before the Court on the Renewed Motion [97] To Stay Pending Resolution of Collateral Bankruptcy Court Action. The motion was filed two days after the Court entered an order [96] denying a motion to stay based on the same arguments. As such, the Court construes the current motion [97] as a motion to reconsider. Having carefully considered the parties' submissions, the Court finds the Renewed Motion [97] to Stay should be DENIED.

**Procedural Background**

Plaintiff Teresa Beasley previously obtained a judgment against Robert and Beverly Lang in a state court action. In this matter, Plaintiff initially sued Robert Lang, Beverly Lang, Eduardo Flechas, and EF Properties, LLC claiming they were fraudulently frustrating the collection of a judgment against the Langs by attempting to hide certain real property, some of which they claim was transferred to EF Properties. *See* Complaint [1]. Eduardo Flechas was the Lang's attorney in the underlying state court matter.

In January of 2017, Plaintiff filed an amended complaint that excluded Eduardo Flechas personally as a defendant as he was in bankruptcy. *See* Second Amended Complaint [9]. Now, over a year and three months after that amended complaint was filed, EF Properties suggests the bankruptcy stay that would have applied to Eduardo Flechas applies to it as well. Once again, Defendant, EF Properties, LLC argues that this case should be stayed pursuant to 11 U.S.C. §

1

362 pending the outcome the involuntary bankruptcy action filed against Eduardo Flechas and Flechas & Associates, P.A.[1]

**Analysis**

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald v. Entergy Operations, Inc.*, 2005 WL 1528611, at *1 (S.D. Miss. May 31, 2005) (citations omitted), and its purpose "is not to re-debate the merits of a particular motion."*W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.,* 2000 WL 1349184, at * 3 (S.D.Miss. Sept.8, 2000). Granting a motion for reconsideration is "an extraordinary remedy," and thus should be "used sparingly." *In re Pequeno,* 240 Fed. App'x 634, 636 (5th Cir.2007). There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley,* 2000 WL 1349184, at *2 (citations omitted).

EF Properties does not point to an intervening change in controlling law, point to new evidence, or submit that there was a clear error of law or some manifest injustice. Instead, EF Properties simply reargues the merits of the previous motion. As such, the motion should be denied.

Likewise, as addressed in the previous Order [96], EF Properties has not met its burden to establish a stay is warranted by presenting "unusual circumstances" showing "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Servs., Inc. v. Enron Canada Corp.,* 349 F.3d 816, 825 (5th Cir. 2003).

---

[1] EF Properties, LLC is not a party to the bankruptcy action.

For the reasons stated above, the Renewed Motion [97] To Stay Pending Resolution of Collateral Bankruptcy Court Action is DENIED.

SO ORDERED, THIS the 4th day of June, 2018.

s/ Michael T. Parker<br>United States Magistrate Judge